**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PABLO ROMERO, #682604,** | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | **3:04-CV-0619-P** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner presently resides in Dallas, Texas. At the time of filing this action, he was incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID.

Statement of Case: In this habeas corpus petition, filed on March 24, 2004, Petitioner does not challenge his conviction. Rather he challenges Respondent's refusal to utilize his earned good-time credits to calculate the time remaining on his twelve-year sentence for aggravated robbery from the 283rd District Court of Dallas County, Texas, in cause number F90-55717-T. In sum, Petitioner requests early release from prison, although he is not eligible for

mandatory supervision.

Prior to filing this action, Petitioner submitted three time credit dispute forms to TDCJ, which in turn responded there was no error in time-credit calculation. Thereafter, Petitioner filed a state habeas application, which the Texas Court of Criminal Appeals denied without written order.

In response to this court's order to show cause, Respondent filed an answer, alleging Petitioner's claims were time barred and meritless. Petitioner filed a reply, rebutting Respondent's contentions. On May 31, 2005, Petitioner filed a notice of address change, informing the court that he had discharged his sentence.[1]

Findings and Conclusions:  Petitioner's release requires the court to examine whether it has jurisdiction over the instant action. See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. Lane v. Williams, 455 U.S. 624, 631 (1982). "If a dispute

---

[1] Petitioner's release from confinement in May 2005 coincides with Respondent's assertion that Petitioner had a maximum expiration date of May 20, 2005. (Respondent's Answer at 2 and Exh. A).

2

has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir.1988).

The only relief sought in this matter was early release from confinement. Since Petitioner has fully discharged his sentence and has been released from custody, his grounds for relief are moot and this court lacks jurisdiction to consider his claims. Therefore, the habeas corpus petition should be dismissed as moot.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed for want of jurisdiction the same being moot.

A copy of this recommendation shall be mailed to Petitioner and counsel for Respondent.

Signed November 21, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.